1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW R. LOPEZ,

11            Plaintiff,              No. 2:11-cv-0806 MCE KJN P

12        vs.

13   MATTHEW CATE, et al.,            ORDER AND

14            Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42

17   U.S.C. § 1983.  On March 24, 2011, plaintiff filed a complaint alleging that defendants were

18   deliberately indifferent to plaintiff's serious medical needs based on:

19            1.  Defendant Selky's alleged failure to return plaintiff's medically-prescribed

20   shoes to plaintiff for a period of 45 days beginning on December 29, 1998;

21            2.  The alleged refusal of defendants Hooper and Castro to provide plaintiff with

22   surgery for a deviated septum on April 16, 1997, and defendant Jennings' failure to provide

23   medical care in early April of 1997; and

24            3.  Defendant Matthew Cate allegedly caused plaintiff to be deprived of proper

25   medical care.

26            By this action, plaintiff seeks damages and injunctive relief.  Plaintiff also seeks to

1

1    have this action filed nunc pro tunc based on his failed efforts to raise these claims in <u>Lopez v.</u>

2    <u>Peterson</u>, 2:98-cv-2111 LKK EFB, commenced on October 28, 1998.  After review of plaintiff's

3    complaint and the filings in 2:98-cv-2111 LKK EFB, this court finds the instant action should be

4    dismissed as barred by the statute of limitations.

5    I.  <u>Background</u>

6            On March 15, 2011, the district court issued an order in Case No. 2:98-cv-2111

7    LKK EFB, stating that the case had a contorted procedural history.  <u>Id.</u>, Dkt. No. 332.  The

8    relevant history of 2:98-cv-2111 LKK EFB is set forth below:

9            The October 28, 1998 original complaint was dismissed on April 14, 1999, and

10   plaintiff filed an amended complaint on May 11, 1999.  <u>Id.</u>, Dkt. Nos. 1, 8 & 10.

11           On June 10, 1999, plaintiff's amended complaint was dismissed with leave to

12   amend.  <u>Id.</u>, Dkt. No. 12.  Plaintiff conceded he had not exhausted available administrative

13   remedies, but the court found that plaintiff was not required to exhaust claims for monetary

14   damages under legal authority controlling at the time.  <u>Id.</u> at 2.  On June 25, 1999, plaintiff filed a

15   notice of exhaustion, and the amended complaint was reinstated on September 29, 1999.  <u>Id.</u>,

16   Dkt. No. 14.  The amended complaint raised multiple claims against 22 different defendants.  <u>Id.</u>,

17   Dkt. No. 10.

18           On March 3, 2000, plaintiff's amended complaint was dismissed, and plaintiff

19   was granted thirty days leave to file a second amended complaint.  <u>Id.</u>, Dkt. No. 47.  After

20   plaintiff was granted further extensions of time, the amendment deadline was vacated, and on

21   December 12, 2000, the court found plaintiff had not established good cause for further delay,

22   and ordered plaintiff to file the second amended complaint within thirty days.  <u>Id.</u>, Dkt. No. 86.

23   Plaintiff failed to timely amend, and the case was dismissed on May 11, 2001.  <u>Id.</u>, Dkt. No. 98.

24           Plaintiff appealed, the action was remanded on March 3, 2003, dkt. no. 113, and

25   on March 14, 2003, the May 11, 1999 amended complaint was reinstated.  <u>Id.</u>, Dkt. No. 114.

26           On June 24, 2005, the district court dismissed plaintiff's claim of deliberate

indifference related to his alleged deviated septum, and defendants Hooper, Jennings and Castro were dismissed without prejudice. Id., Dkt. No. 227 at 14. Plaintiff's Eighth Amendment claim concerning the alleged deprivation of his medically prescribed shoes by defendant Selky was dismissed with prejudice based on the court's finding that plaintiff failed to state a claim because it did not appear plaintiff could amend the complaint to state a claim against defendant Selky based on plaintiff's allegations against Selky.[1] Id., Dkt. No. 227 at 7-8. The district court also made clear that plaintiff could not have exhausted the shoe deprivation claim because plaintiff alleged his shoes were taken on December 29, 1998, after the instant action was filed. Id., Dkt. No. 227 at 8 n.3. Plaintiff was informed that the

> basic requirement under the Prisoner Litigation Reform Act ("PLRA") is that all non-judicial remedies, i.e., administrative remedies, must be exhausted before a prisoner may file suit in federal court. 42 U.S.C. § 1997e(a). [Emphasis added.]

Lopez v. Peterson, 2:98-cv-2111 LKK EFB, Dkt. No. 227 at 10. Plaintiff was then informed that "[t]he proper remedy for failure to exhaust is dismissal of the unexhausted claims without prejudice to their renewal once they have been exhausted." Id., Dkt. No. 227 at 11.

Plaintiff subsequently filed an appeal.

On May 26, 2009, the Court of Appeals for the Ninth Circuit held that the

> district court properly dismissed without prejudice Lopez's claim against defendants Hooper, Jennings, and Castro based on an alleged failure to treat his deviated septum because Lopez did not properly exhaust administrative remedies as to this claim. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules).

The district court properly dismissed Lopez's claims against

---

[1] The district court noted that plaintiff only alleged defendant Selky denied plaintiff's Eighth Amendment rights by virtue of defendant Selky's position as a commanding officer. Id., Dkt. No. 227 at 8. "The amended complaint makes clear that any personal participation in withholding packages in general was due to Selky's alleged discrimination toward [plaintiff's] prison classification rather than [plaintiff's] suffering due to his not receiving his medically prescribed shoes." Id.

3

defendant[] . . . Selky . . . based on [the] alleged forty-five delay in providing Lopez with his medically prescribed shoes because Lopez failed to exhaust his administrative remedies prior to filing this action. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) (holding that exhaustion under 42 U.S.C. § 1997e(a) must occur prior to commencement of the action).  However, the district court should have dismissed this claim without prejudice.  See Wyatt, 315 F.3d at 1120.

Lopez v. Peterson, 2:98-cv-2011 LKK EFB P, Dkt. No. 316 at 4-5.  As plaintiff was previously informed, these rulings by the Ninth Circuit are now law of the case and control here.  Id., Dkt. No. 323 at 4, citing Vizcaino v. United States District Court, 173 F.3d 713, 718-19 (9th Cir. 1999).

Thereafter, on May 29, 2009, the district court issued an order reiterating a portion of the remand order, noting the dismissal of defendant Selky without prejudice.  Lopez v. Peterson, 2:98-cv-2011 LKK EFB P, Dkt. No. 306 at 1.  The May 29, 2009 order clause states:

1. The Amended Complaint as against defendants . . . Selky . . ., is DISMISSED, without prejudice, for failure of Plaintiff to exhaust his administrative remedies prior to filing his complaint.

Id., Dkt. No. 306 at 2.  Plaintiff was granted leave to amend, and was specifically directed to file a second amended complaint that complied with the district court's orders entered June 11, 2003, and June 24, 2005, "to the extent affirmed by the U.S. Court of Appeals for the Ninth Circuit."  Id. at 2.

The Ninth Circuit spread the mandate on September 4, 2009.  Id., Dkt. No. 316. On October 7, 2009, plaintiff filed a second amended complaint in 2:98-cv-2111 LKK EFB, in which plaintiff included the claims raised in the instant action, despite the district court's May 29, 2009 order.

It appears service of process was never accomplished on either defendant Selky or defendant Hooper in 2:98-cv-2111 LKK EFB.  Id.

II.  Statute of Limitations

California law determines the applicable statute of limitations in this § 1983

4

1   action.  See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (courts "borrow" the statute of

2   limitations from the state law most analogous to the federal law), superseded by statute on other

3   grounds as recognized in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-81 (2004).

4   Until December 31, 2002, the applicable state limitations period was one year.  See Jones v.

5   Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. P. § 340(3)).[2]  Effective January 1,

6   2003, the applicable California statute of limitations period was extended to two years.  See

7   Jones, 393 F.3d at 927 (citing Cal. Civ. P. § 335.1).  However, the extension of the statute of

8   limitations period does not apply to claims already barred under the prior statute of limitations

9   unless the Legislature explicitly provides otherwise.  Maldonado v. Harris, 370 F.3d 945, 954-55

10  (9th Cir. 2004).  California law also tolls for two years the limitations period for inmates

11  "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a

12  term less than for life."  Cal. Civ. P. § 352.1.[3]

13          In this § 1983 action, the court applies California's equitable tolling rules to the

14  extent that those rules are consistent with federal law.  Jones, 393 F.3d at 927.  In Daviton v.

15  Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1139-42 (9th Cir. 2001) (en banc), the court

16  examined the application of California's equitable tolling doctrine and approved the

17  requirements articulated in Cervantes v. City of San Diego, 5 F.3d 1273 (9th Cir. 1993).  "Under

18  California law, equitable tolling relieves plaintiff from the bar of a limitations statute when,

19  possessing several legal remedies he, reasonably and in good faith, pursues one designed to

20  lessen the extent of his injuries or damage."  Cervantes, 5 F.3d at 1275 (internal quotation and

21  citation omitted.)  Thus, a "plaintiff's pursuit of a remedy in another forum equitably tolls the

22

23          [2] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations
     period begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).
24   Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know
     of the injury which is the basis of the action.'"  Id. (citations omitted).

25          [3] "The California courts have read out of the statute the qualification that the period of
     incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."
26   Jones, 393 F.3d at 927 n.5 (citations omitted).

1   limitations period if the plaintiff's actions satisfy these factors:  1) timely notice to the defendants

2   in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the

3   second claim; and 3) good faith and reasonable conduct in filing the second claim."  Id., at 1275.

4   III.  Application

5                    A.  Shoe Deprivation Claim Against Defendant Selky

6                    By this action, plaintiff claims that his rights under the Eighth Amendment were

7   violated by defendant Selky's deliberate indifference to plaintiff's serious medical needs by

8   depriving plaintiff of his medically-prescribed shoes for 45 days beginning on December 29,

9   1998.  In the instant complaint, plaintiff alleges that this claim was exhausted on March 4, 1999,[4]

10  when plaintiff's administrative grievance was granted.  Dkt. No. 1 at 3.  Plaintiff's claim against

11  defendant Selky therefore accrued on or about March 4, 1999, because the statute of limitations

12  period is tolled during the exhaustion of administrative remedies.  Brown v. Valoff, 422 F.3d

13  926, 943 (9th Cir. 2005).  At the time plaintiff's claim accrued, in accordance with the provisions

14  of California Civil Procedure Code § 340(3), plaintiff had until March 4, 2000, to file a civil

15  rights action arising from the shoe deprivation.  Due to his incarceration, plaintiff is also entitled

16  to an additional two years of tolling under California Civil Procedure Code § 352.1.  Therefore,

17  plaintiff's civil rights action alleging the shoe deprivation claim was due on or before March 4,

18  2002.  Absent equitable tolling, plaintiff's shoe deprivation claim is time-barred and should be

19

20          [4]  It appears defendants in 2:98-cv-2111 LKK EFB contended plaintiff was unable to
    exhaust this claim since 1999, because plaintiff's claims occurred in 1997 and 1998 and
21  California Code of Regulations, Title 15, Section 3084.6, required plaintiff to submit his
    grievance within fifteen working days of the alleged incident.  Id., Dkt. No. 325 at 3.  If plaintiff
22  was exhausting his claim in 1999, while the 1998 case was pending, raising the shoe deprivation
    claim in the 1998 case was premature.  If plaintiff was exhausting the claim in 1999, it gives rise
23  to an inference that plaintiff was aware the claim was not exhausted both at the time he filed the
    1998 case, and while he was waiting for the court to rule on the claim in the 1998 case.  This
24  inference is supported by the court's observation on June 10, 1999, that plaintiff acknowledge[d]
    that he [had] not exhausted available administrative remedies."  Id., Dkt. No. 12 at 2.  If plaintiff
25  did exhaust this claim in 1999, plaintiff has failed to explain why he didn't file a new federal
    action in 1999, after he exhausted his claim, and before the district court dismissed the claim as
26  unexhausted in 2005.  If plaintiff had filed a new action raising this claim in 1999, this claim
    would not have been time-barred.

                                                    6

1    dismissed.[5]

2            Plaintiff first raised the shoe deprivation claim in 2:98-cv-2111 LKK EFB, filed

3    on October 28, 1998.  Plaintiff's shoe deprivation claim was dismissed with prejudice years later,

4    on June 24, 2005.[6]  Id., Dkt. No. 227.  Plaintiff appealed, and the Ninth Circuit Court of Appeals

5    held that this claim should have been dismissed without prejudice.  Id., Dkt. No. 306 at 3.  On

6    May 29, 2009, the district court dismissed plaintiff's amended complaint as against defendant

7    Selky, without prejudice.  Id., Dkt. No. 306 at 2.

8            Plaintiff's shoe deprivation claim was time-barred before the district court

9    dismissed the claim with prejudice.  However, plaintiff could argue he was diligently pursuing

10   his claim in 2:98-cv-2111 LKK EFB, which was filed within the limitations period.  Because the

11   claim against defendant Selky was dismissed with prejudice rather than without prejudice,

12   plaintiff was unable to file a new civil rights complaint against defendant Selky until May 29,

13   2009, when the district court dismissed the claim without prejudice.  By that time, the statute of

14   limitations period had long since run.

15           However, it appears that plaintiff would not be entitled to equitable tolling under

16   California law because 2:98-cv-2111 LKK EFB and the instant case were both filed in the same

17   forum.  See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985, 79 Cal. Rptr.

18   2d 329 (1998) ("Under equitable tolling, the statute of limitations in one forum is tolled as a

19   claim is being pursued in another forum.  Here, however, appellants pursued successive claims in

20   the same forum, and therefore equitable tolling did not apply.")  See also Naylor v. Flavan, 2009

21   WL 1468708 at *6 (C.D. Cal. May 19, 2009) (Naylor was not entitled to equitable tolling

22   because both cases at issue were filed in the same forum.)  Plaintiff did not choose to file the

23

24           [5]  Even if plaintiff were granted the additional year of statutory tolling under California
     Civil Procedure Code § 335.1, plaintiff's filing is time-barred absent equitable tolling.

25
26           [6]  The delay between the filing of the complaint in 1998 and the dismissal in 2005 was
     based on a number of procedural detours as set forth above.

1  shoe deprivation claim in a different forum; both actions were filed in federal court.

2          But in an abundance of caution, the court will evaluate the application of equitable

3  tolling in connection with plaintiff's shoe deprivation claim. See Wisenbaker v. Farwell, 341 F.

4  Supp. 2d 1160 (D. Nev. 2004) (equitable tolling was also appropriate for duration of inmate's

5  previous pro se § 1983 action arising from same incident, filed before resolution of

6  administrative grievance but extending beyond expiration of limitations period).[7]

7              For actions arising under 42 U.S.C. § 1983, it is unclear, under
             existing authority, how a court should deal with a situation where
8            dismissal without prejudice is tantamount to a dismissal with
             prejudice because of the expiration of the statute of limitations.
9            See McCoy v. Goord, 255 F. Supp. 2d 233, 252 (S.D. N.Y. 2003)
             (stating that, in practice, tolling may ameliorate a situation where
10           the running of a statute of limitations would transform a dismissal
             without prejudice into a dismissal with prejudice).

11

12  Wisenbaker, 341 F. Supp. 2d at 1166. While the procedural posture of Wisenbaker[8] is not on all

13  fours with plaintiff's claim here, Wisenbaker suggests plaintiff might be entitled to equitable

14  tolling for at least some portion of the time plaintiff pursued this claim in 2:98-cv-2111 LKK

15  EFB. Another district court concurs, Ransom v. Westphal, 2009 WL 3756354 at 3-4 (E.D. Cal.

16  Nov. 6, 2009). In Ransom, the district court found Ransom, a pro se prisoner, was entitled to

17  _____

18      [7] Just as the court in Wisenbaker was "unaware of any Nevada Supreme Court case in
    which the court faced the issue of whether to toll the statute of limitations during a prior judicial
19  proceeding, which contained the same substantive claim, and which was dismissed without
    prejudice," id., at 1166, this court was unable to find a California Supreme Court case addressing
20  this issue.

21      [8] Wisenbaker filed his administrative grievance on November 26, 2002, and exhausted
    those remedies on March 25, 2003. Id. On December 16, 2002, while Wisenbaker was still
22  pursuing his administrative remedies, Wisenbaker filed duplicate § 1983 claims in state and
    federal court. Defendants Farwell, et al., removed the state action to federal court, and the
23  duplicative federal case was voluntarily dismissed. On August 16, 2003, the court dismissed
    without prejudice Wisenbaker's original claim on the grounds that he had failed to exhaust his
24  administrative remedies before filing in federal court. On September 11, 2003, Wisenbaker filed
    a second federal court action, which was based on the same cause of action and circumstances as
25  the previously dismissed lawsuit. Id. Unlike plaintiff in the instant action, Wisenbaker did not
    wait years to file a new action raising the claims previously dismissed without prejudice. Rather,
26  Wisenbaker filed his new action less than one month after the court dismissed his claim as
    unexhausted.

1    equitable tolling for the eight years that Ransom's prior civil rights complaint was pending before

2    being dismissed for failure to exhaust administrative remedies, because in the prior action

3    Ransom was diligently pursuing his claims, the defendants were aware of the prior claims, and

4    the delay was beyond Ransom's control.  Id.  However, unlike plaintiff herein, Ransom filed the

5    subsequent action less than eight months after the dismissal without prejudice.  Id.[9]

6           In light of these authorities, the court will evaluate whether plaintiff is entitled to

7    equitable tolling for the delay in this action.  Because the appellate court determined the

8    dismissal should have been without prejudice, arguably the district court's error prevented

9    plaintiff from filing a new action to raise the shoe deprivation claim because the dismissal was

10   with prejudice, and the statute of limitations period ran while plaintiff was awaiting the court's

11   ruling.  Therefore, the May 29, 2009 order dismissing this claim without prejudice essentially

12   transformed the dismissal into a dismissal with prejudice because the statute of limitations period

13   had long since run.

14          However, even assuming, arguendo, plaintiff was granted equitable tolling for the

15   time this claim was pending in 2:98-cv-2111 LKK EFB until the district court dismissed

16   plaintiff's claim without prejudice on May 29, 2009, this tolling does not render the instant filing

17   timely.  Once the district court denied this claim without prejudice on May 29, 2009, plaintiff

18   should have acted with all due haste to file a new civil rights action raising the shoe deprivation

19   claim.  Plaintiff did not.  Rather, plaintiff muddied the waters of 2:98-cv-2011 LKK EFB P by

20   renewing this claim in the second amended complaint, filed on October 7, 2009, in violation of

21   the May 29, 2009 order.  Plaintiff's failure to comply with the district court's order does not

22   relieve plaintiff of his obligation to timely file, in a separate action, the claim he now belatedly

23   _____

24          [9]  Ransom also had benefit of the new two year statute of limitations, rather than the one
     year statute of limitations period applicable to plaintiff.  On January 1, 2003, California Civil
25   Procedure Code § 340(3) was replaced with § 335.1 which provided for a two-year statute of
     limitations period.  Here, the statute of limitations period expired prior to the extension of the
26   limitations period; therefore, plaintiff is not entitled to the additional year.  Maldonado, 370 F.3d
     at 954-55.

1   raises here.  Indeed, plaintiff acted unreasonably in re-pleading this claim in the second amended

2   complaint filed in 2:98-cv-2111 LKK EFB, particularly in light of the district court's order

3   directing plaintiff to file a second amended complaint consistent with the order from the Ninth

4   Circuit Court of Appeals,  id., dkt. no. 306 at 2, as well as the May 26, 2009 order from the Ninth

5   Circuit affirming the finding that plaintiff had failed to exhaust this claim.  Id., Dkt. No. 304 at 3.

6           Plaintiff had previously been put on notice as early as June 10, 1999, that his

7   claims for injunctive relief were unexhausted.  Id., Dkt. No. 12.  Plaintiff was put on notice again

8   on June 24, 2005, when plaintiff was told that administrative remedies must be exhausted before

9   filing in federal court.  Id., Dkt. No. 227 at 10.  Plaintiff was reminded again, by the appellate

10  court's ruling on May 26, 2009, that exhaustion "must occur prior to commencement of the

11  action."  Id., Dkt. No. 316 at 4-5.  Finally, on May 29, 2009, plaintiff was advised that his shoe

12  deprivation claim was dismissed based on plaintiff's failure to exhaust his administrative

13  remedies prior to filing his complaint.  Id., Dkt. No. 306 at 2.  Each of these orders served to put

14  plaintiff on notice that he must bring this claim in an action filed after administrative remedies

15  were exhausted, which meant plaintiff could not pursue this claim in 2:98-cv-2111 LKK EFB,

16  but would have to bring the claim in a new action.  Plaintiff now states he exhausted this claim

17  on March 4, 1999; thus, any civil rights complaint raising this claim would have to be filed after

18  March 4, 1999.  Therefore, it was unreasonable for plaintiff to continue pursuing this claim in

19  2:98-cv-2111 LKK EFB after May 29, 2009.

20          Importantly, plaintiff's second amended complaint filed on October 7, 2009, in

21  2:98-cv-2111 LKK EFB, reveals that plaintiff was well aware that the court had determined

22  plaintiff failed to exhaust this claim, and that the statute of limitations period had run.  Id., Dkt.

23  No. 319 at 24.  Plaintiff even asked the court to toll the statutory and administrative limitations

24  during the pendency of 2:98-cv-2011 LKK EFB.  Id.  But because the shoe deprivation claim had

25  been dismissed, the district court could not consider this claim.  Plaintiff was required to file the

26  claim in a new action, yet failed to do so.

1    Moreover, plaintiff waited until March 18, 2011[10] in which to file a new action

2    raising the shoe deprivation claim.  Plaintiff has failed to show that he acted reasonably or to

3    demonstrate any other extraordinary circumstance stood in his way between May 29, 2009, and

4    March 18, 2011.  It appears plaintiff argues his pro se status warrants equitable tolling of the

5    statute of limitations period.  However, "a pro se petitioner's lack of legal sophistication is not,

6    by itself, an extraordinary circumstance warranting equitable tolling." Raspberry v. Garcia, 448

7    F.3d 1150, 1154 (9th Cir. 2006).  In addition, because plaintiff's claim was dismissed without

8    prejudice on May 29, 2009, plaintiff cannot argue he was diligently pursuing this claim in 2:98-

9    cv-2111 LKK EFB after May 29, 2009.  For all of the above reasons, this court finds that

10   plaintiff's delay in filing the instant action was unreasonable.

11          In addition, plaintiff cannot meet the first two prongs of the equitable tolling

12   doctrine.  First, defendant Selky has not had timely notice of this claim.  Defendant Selky was

13   not served with process in 2:98-cv-2111 LKK EFB. Id.  Because plaintiff alleges he was

14   deprived of his shoes on December 29, 1998, for a period of 45 days, defendant Selky would

15   receive notice of this claim, assuming service of process could now be accomplished, over 13

16   years after the incident first occurred.  Notice of a thirteen year old claim is not timely notice.

17   Second, the delay of over 13 years would prejudice defendant Selky's defense.  Defendant Selky

18   would be called upon to remember events occurring over a 45 day period from December 29,

19   1998, through early 1999, while defendant Selky was property officer at High Desert State

20   Prison.  In his complaint, plaintiff attributes specific statements to defendant Selky.  Dkt. No. 1 at

21   9. Given the passage of time, it is unlikely that defendant Selky will recall such specific details

22

23          [10]  The instant complaint was filed by the Clerk of Court on March 24, 2011.  However,
     plaintiff signed the complaint on March 18, 2011. Dkt. No. 1 at 4.  Under the mailbox rule, the
24   court construes plaintiff filing as the date plaintiff delivered the filing to prison authorities for
     mailing.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from
25   the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th
     Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by pro se
26   prisoners").

1  of his interactions with plaintiff.  Other witnesses, if any, will suffer similar problems with recall,

2  and it may be difficult to obtain evidence.

3          Therefore, plaintiff is unable to demonstrate that he is entitled to equitable tolling

4  for the lengthy delay in bringing this action.  Plaintiff's shoe deprivation claim is time-barred and

5  should be dismissed.

6                    B.  Deviated Septum Claims Against Hooper, Castro and Jennings

7          In the instant complaint, plaintiff alleges that in April of 1997, defendants Hooper,

8  Castro, and Jennings denied and delayed plaintiff's prescribed medical treatment for a deviated

9  septum, including surgery, which was allegedly suggested by Dr. Beems on January 31, 1997,

10  and allegedly confirmed in a second opinion provided by Dr. Capolla on April 15, 1997.

11          These claims were dismissed  by the district court on June 24, 2005, based on

12  plaintiff's failure to exhaust administrative remedies.  (Dkt. No. 227.)  Moreover, the Ninth

13  Circuit affirmed the dismissal of these claims.  (Dkt. No. 304.)  As noted above, these rulings are

14  law of the case and binding on this court.[11]  Because these rulings are binding, this court cannot

15  consider plaintiff's statement that he exhausted his administrative remedies in connection with

16  this claim in 1997 when his administrative grievance was "waived," dkt. no. 1 at 4, because it

17  predates the filing of plaintiff's complaint in 2:98-cv-2011 LKK EFB P, and attempts to relitigate

18  an issue already decided in 98-cv-2011 LKK EFB P.

19          [11]  Plaintiff argues that the June 10, 1999 order expressly held plaintiff could proceed for

20  money damages.  Dkt. No. 1 at 4.  However, the June 10, 1999 order dismissed plaintiff's claims
for injunctive relief, and informed plaintiff he should only include claims for damages in any

21  amended complaint.  2:98-cv-2111 LKK EFB Dkt. No. 12 at 2.  The June 10, 1999 order did not
parse any of plaintiff's claims, and did not preclude defendants from raising exhaustion as an

22  affirmative defense.  Moreover, the May 26, 2009 order by the Ninth Circuit Court of Appeals
affirmed that plaintiff failed to exhaust his deviated septum claims against defendants Hooper,

23  Jennings and Castro, and that order is binding on this court.  Plaintiff cannot re-litigate claims
decided in 2:98-cv-2111 LKK EFB in this action.  Finally, by the time plaintiff's amended

24  complaint was reinstated on March 14, 2003, plaintiff was obligated to exhaust his claims for
monetary damages prior to filing in federal court pursuant to Booth v. Churner, 532 U.S. 731

25  (2001); see also Harper v. Va. Dep't of Taxation, 509 U.S. 86, 96, 113 (1993) ("a rule of federal
law, once announced and applied to the parties to the controversy, must be given full retroactive

26  effect by all courts adjudicating federal law").

1    Nevertheless, this court does not need to revisit the issue of exhaustion.  Even

2 assuming, arguendo, that plaintiff exhausted the deviated septum claims prior to the filing of the

3 instant action, these claims are untimely-filed.  Plaintiff claims that defendants Hooper, Castro,

4 and Jennings were deliberately indifferent to plaintiff's serious medical needs by allegedly

5 delaying and denying plaintiff medical treatment for his deviated septum in April of 1997.

6 Plaintiff avers defendants Hooper and Castro were members of the Medical Authorization

7 Review committee which denied plaintiff's request for surgery on April 16, 1997.  Dkt. No. 1 at

8 8.  Plaintiff alleges defendant Jennings denied and delayed plaintiff's treatment beginning in

9 April of 1997.  Id.  Assuming plaintiff's claim against defendants Hooper, Castro, and Jennings

10 accrued on April 16, 1997, when plaintiff discovered his request for surgery was denied, plaintiff

11 had until April 16, 2000, in accordance with the provisions of California Civil Procedure §§

12 340(3) and 352.1, to file a civil rights action arising from those events.  Therefore, plaintiff's

13 civil rights action on plaintiff's deviated septum claim was due on or before April 16, 2000.  But

14 even if plaintiff did not exhaust the deviated septum claim until June of 1998, the time frame

15 required to exhaust plaintiff's shoe deprivation claim above, plaintiff's civil rights complaint was

16 due on or before June 30, 2001.  Absent equitable tolling, the statute of limitations period expired

17 July 1, 2001.[12]

18    As noted above, it appears that plaintiff is not entitled to equitable tolling under

19 California law because 2:98-cv-2111 LKK EFB and the instant case were both filed in the same

20 forum.  See Martell, 67 Cal. App. 4th at 985.

21    But in an abundance of caution, the court will evaluate the application of equitable

22 tolling in connection with plaintiff's deviated septum claim.  See Wisenbaker, 341 F. Supp. 2d at

23 1160; Ransom, 2009 WL 3756354 at ** 3-4.  The court will first address whether plaintiff acted

24 reasonably in order to determine if plaintiff meets the third prong of the equitable tolling

25

26    [12]  Even if plaintiff were granted the additional year of statutory tolling under California
Civil Procedure § 335.1, plaintiff's filing is time-barred absent equitable tolling.

1    doctrine.

2            First, unlike the dismissal of the shoe deprivation claim, there was no error in the

3    dismissal of plaintiff's deviated septum claim.  2:98-cv-2111 LKK EFB.  The district court

4    clearly denied the deviated septum claim without prejudice on June 24, 2005.  Id., Dkt. No. 227

5    at 14.  Thus, plaintiff should have filed a new civil rights action shortly after June 24, 2005,

6    alleging his deviated septum claim, and seeking equitable tolling for the period of time this claim

7    was pending in 2:98-cv-2111 LKK EFB.  While it is unclear whether plaintiff would have been

8    granted equitable tolling under California law at that time, it was shortly after June 24, 2005, that

9    an argument supporting application of the equitable tolling doctrine was strongest.

10            Second, rather than file a new action, plaintiff filed an appeal.  Under California

11   law, the filing of an appeal does not toll the statute of limitations where the dismissal was

12   without prejudice.  Wood v. Elling Corp., 20 Cal. 3d 353, 359-60 (1977) (timely action

13   dismissed without prejudice does not toll statute of limitations during pendency of that action

14   because "an indefinite extension of the statutory period -- through successive filings and

15   dismissals -- might well result.")  Because plaintiff's deviated septum claim was dismissed

16   without prejudice, plaintiff's failure to bring this claim in a new civil rights action within a

17   reasonable time after the claim was dismissed on June 24, 2005, renders this claim time-barred.

18            Third, even after the Ninth Circuit affirmed the district court's order on May 26,

19   2009, plaintiff did not file a new action raising the deviated septum claim.  Plaintiff continued his

20   attempt to pursue this claim in 2:98-cv-2111 LKK EFB by including this dismissed claim in the

21   second amended complaint filed on October 7, 2009.  Id., Dkt. No. 319 at 25.  Plaintiff noted the

22   statute of limitations period had long expired, and sought tolling during the pendency of 2:98-cv-

23   2011 LKK EFB.  Id., Dkt. No. 319 at 25.  However, plaintiff's effort was unavailing.  The district

24   court, having previously dismissed this claim, could not address plaintiff's deviated septum claim

25   in 2:98-cv-2011 LKK EFB because that claim was dismissed, and plaintiff was required to

26   pursue the claim in a new civil rights action.

1        The fact that plaintiff continued his attempt to pursue this claim in his second

2   amended complaint in 2:98-cv-2011 LKK EFB P, in violation of the May 29, 2009 order, does

3   not relieve plaintiff of his obligation to timely file, in a separate action, the claim he now

4   belatedly raises here.  As noted above, ignorance of the law does not entitle plaintiff to equitable

5   tolling.  Plaintiff was aware of the expired statute of limitations, yet failed to file a new action

6   raising this claim until March 18, 2011, almost six years after the claim was dismissed without

7   prejudice on June 24, 2005.  Plaintiff's efforts to pursue this claim in 2:98-cv-2111 LKK EFB

8   after the district court clearly advised plaintiff the claim was dismissed based on plaintiff's

9   failure to exhaust administrative remedies, demonstrates plaintiff acted unreasonably.

10       The court turns now to the first and second prongs of the equitable tolling

11  analysis.  Defendants Hooper, Castro, and Jennings would be prejudiced by allowing plaintiff to

12  pursue claims that are over 14 years old.  Witnesses' memories grow dim, and it is difficult, if

13  not impossible, to gather evidence due to the passage of time.  "It is fundamental that the primary

14  purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have

15  failed to file their action until evidence is no longer fresh and witnesses are no longer available."

16  Addison v. State of California, 21 Cal. 3d 313, 317, 146 Cal. Rptr. 224 (Cal. 1978).

17       In addition, defendant Hooper was not served with process in 2:98-cv-2111 LKK

18  EFB.  This means that if plaintiff were permitted to proceed with this claim, defendant Hooper

19  would first receive notice of this claim over 14 years after he allegedly denied plaintiff surgery on

20  April 16, 1997.  Notice received over fourteen years later is not timely.[13]  Even though

21

_____

22      [13]  The court has considered whether plaintiff has alleged a continuing violation claim
    against defendant Hooper.  Plaintiff alleges that "[b]ecause of defendant Hooper's intentional
23  acts [plaintiff] suffered for more than (10) additional years.  On September 13, 2007, the surgery
    was performed to correct 95% blockage, by removing cartilaginous tissue and bone aggregating
24  the 2.5x2.5x0.4 cm."  (Dkt. No. 1 at 8.)  However, the only affirmative act alleged as to
    defendant Hooper was defendant Hooper's denial of plaintiff's request for surgery on April 16,
25  1997.  Plaintiff presses no other allegation as to defendant Hooper.  The Ninth Circuit has not
    applied the continuing violation theory to Eighth Amendment deliberate indifference claims, but
26  other courts have accepted the doctrine in this context.  See Martin v. Woodford, 2010 WL

15

1    defendants Castro and Jennings were served with process in 2:98-cv-2111 LKK EFB, this claim

2    was dismissed in 2005.  Renewing these claims six years later would not provide defendants

3    Castro and Jennings with timely notice either.  On the facts of this case, defendants' right to be

4    free from such stale claims prevails over plaintiff's right to prosecute this claim.

5                      Plaintiff is unable to demonstrate that he is entitled to equitable tolling for the

6    lengthy period of time plaintiff delayed in bringing the instant action.  Accordingly, plaintiff's

7    deviated septum claim is time-barred and should also be dismissed.

8                      B.  Director Matthew Cate

9                      Plaintiff's claims against defendant Cate are unclear.  First, plaintiff names

10   defendant Cate and clearly identifies Cate as "successor."  However, in paragraph 17 of the

11   complaint, plaintiff states the following:

12                      Defendant Matthew Cate is directly responsible for the inmates in
                        California's prisons as well as the training and supervision of
13                      CDCR employees.  He has failed to eradicate the "code of silence"
                        and prison employee gangs known to exist amongst CDCR
14                      employees.  And, therefore, is responsible for causing [plaintiff] to
                        be deprived of proper medical care and to access to the court.
15                      Both, personally and as a successor to previous Directors of the
                        CDCR by allowing these gangs and policies to persist without
16                      taking any meaningful action.

17   Dkt. No. 1 at 7.

18                      It appears plaintiff is attempting to add Cate as a defendant in connection with

19   plaintiff's claim that he was denied medical care for his deviated septum in 1997.  However, as

20   noted above, this claim is time-barred.  Plaintiff cannot revive this stale claim by attempting to

21   name a "successor" as a new defendant, particularly at this late date.  Moreover, it is not clear

22   plaintiff named the Director of CDCR as a defendant in 2:98-cv-2111 LKK EFB.  In the second

23   ─────────────────────

24   2773235 at *5 (E.D. Cal. July 13, 2010) (collecting cases).  However, the mere continuing
     impact from a past violation is not actionable under the continuing violation doctrine.  Knox v.
     Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).  Here, plaintiff's allegation stems from defendant
25   Hooper's alleged denial of plaintiff's surgery on April 16, 1997.  There are no other allegations
     of affirmative acts by defendant Hooper.  This sole allegation is insufficient to state a claim
26   under the continuing violation doctrine.  Knox, 260 F.3d at 1013.

amended complaint, plaintiff named the California Department of Corrections as a defendant, but did not name the Director.  Id., Dkt. No. 319 at 4.  Certainly defendant Cate has not had personal notice of plaintiff's 1997 claims.

Plaintiff's reference to access to the court and gangs is completely unrelated to any other claim raised in this complaint or to the claims dismissed from 2:98-cv-2111 LKK EFB. Therefore, there is no factual basis to support training or policy claims against defendant Cate. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Finally, this court finds plaintiff's allegations as to defendant Cate are limited to those raised in 2:98-cv-2111 LKK EFB based on plaintiff's complaint in toto:

1.  Plaintiff seeks filing of this action nunc pro tunc based on actions taken in 2:98-cv-2111 LKK EFB;

2.  Plaintiff seeks to pay the $150.00 filing fee in effect at the time plaintiff was pursuing his 1998 case; and

3.  In connection with the issue of exhaustion of administrative remedies, plaintiff only references the shoe deprivation claim and the deviated septum claim.  Plaintiff makes no reference to the exhaustion of administrative remedies as to defendant Cate.  As plaintiff has been advised on countless occasions, plaintiff must exhaust his administrative remedies prior to bringing a federal action.

Accordingly, plaintiff's claims against defendant Cate should also be dismissed. However, because of the vague nature of plaintiff's claims against defendant Cate, the dismissal should be without prejudice.  If plaintiff has suffered current violations of his civil rights by defendant Cate, plaintiff may file a new civil rights complaint which does not reference plaintiff's 1998 case or the stale claims addressed herein, provided plaintiff has first exhausted his administrative remedies in connection therewith.

IV.  Nunc Pro Tunc

Plaintiff seeks a court order requiring the instant action to be filed nunc pro tunc "on the grounds that Federal Rules and Federal law require construing on the side of 'justice,' particularly in pro se prisoner matters that are to be given the benefit of any doubt and are not to be dismissed on technicalities."  (Dkt. No. 1 at 2 n.*.)  While not entirely clear,[14] it appears plaintiff contends that the June 10, 1999 order stating plaintiff was not required to exhaust his claims for monetary damages (Case No. 2:98-cv-2111 Dkt. No. 12), was law of the case, allowing plaintiff to pursue the instant claims without further exhaustion.  Plaintiff does not suggest on what alternative date he contends the instant action should be filed, but it appears plaintiff seeks to have this action backdated to a date that would avoid application of the statute of limitations.

> Nunc pro tunc amendments are permitted primarily so that errors in the record may be corrected. The power to amend nunc pro tunc is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice.  It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose.  Rather, its use is limited to making the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence.

United States v. Sumner, 226 F.3d 1005, 1009-10 (9th Cir. 2000) (internal quotation marks and citations omitted); see also In re Singson, 41 F.3d 316, 318 (7th Cir. 1994) (observing that the Latin phrase, "nunc pro tunc" authorization, literally "now for then," refers to situations in which the court, after discovering that its records do not accurately reflect its actions, corrects the records to show what actually happened).

> Under California law, a court has the power to correct clerical errors or misprisions in its records so that the records will conform to and speak the truth.  See 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 69, p. 597.  This inherent power is found in Cal.Code of Civil Procedure § 473(d), which provides "[t]he court may, upon

---

[14]  Plaintiff refers to an accompanying motion allegedly filed with the instant complaint (dkt. no. 1 at 2), but no such motion appears on the docket.

1    motion of the injured party, or its own motion, correct clerical
     mistakes in its judgment or orders as entered, so as to conform to
2    the judgment or order directed." A nunc pro tunc order should
     correct clerical errors by placing on the record what was actually
3    decided by the court but was incorrectly recorded. <u>Hamilton v.</u>
     <u>Laine</u>, 57 Cal.App.4th 885, 891, 67 Cal.Rptr.2d 407 (1997). The
4    purpose of a nunc pro tunc order is to cause the records to show
     something done which was actually done, but which by misprision
5    or neglect, was not at the time entered in the record. <u>City of Los</u>
     <u>Angeles v. Superior Court</u>, 264 Cal.App.2d 766, 771, 70 Cal.Rptr.
6    826 (1968). A nunc pro tunc order cannot be made for the purpose
     of declaring that something was done, when in fact it was not done.
7    <u>See</u> <u>id.</u> at 771, 70 Cal.Rptr. 826; <u>People v. Borja</u>, 95 Cal.App.4th
     481, 485, 115 Cal.Rptr.2d 728 (2002); <u>see</u> <u>also</u> 7 Witkin, Cal.
8    Procedure (4th ed. 1997) Judgment, § 65, p. 593.

9    <u>Broncel v. H & R Transport, Ltd.</u>, 2010 WL 3582492 (E.D. Cal. 2010).

10          Plaintiff has not provided any legal authority for his theory that this court has the

11   authority to backdate the filing of the instant complaint to a date that would preclude application

12   of the statute of limitations bar set forth above. Rather, it appears plaintiff wishes the court to

13   backdate the filing of this action to accomplish what plaintiff did not do: file the instant claims

14   in a separate action from 2:98-cv-2111 LKK EFB on a timely basis. Plaintiff has not identified

15   any order or judgment that should be corrected. Therefore, this court finds the application of the

16   nunc pro tunc doctrine is inappropriate in this action.

17   V.  <u>Filing Fee</u>

18          In addition to seeking leave to proceed nunc pro tunc, plaintiff filed a request to

19   pay the $150.00 filing fee that would have been imposed in 1998. However, in light of this

20   court's finding that application of the nunc pro tunc doctrine is inappropriate, plaintiff is required

21   to pay the $350.00 filing fee. Unless plaintiff opts to voluntarily dismiss this action, plaintiff will

22   be required to pay the $350.00 filing fee, and the California Department of Corrections and

23   Rehabilitation will be directed to withdraw the appropriate funds from plaintiff's inmate trust

24   account.

25   ////

26   ////

1    For all of the above reasons, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request to file this action nunc pro tunc is denied; and

3    2.  Plaintiff's request to pay a $150.00 filing fee is denied; failure to voluntarily

4    dismiss this action, within twenty-one days, will result in an order directing the California

5    Department of Corrections and Rehabilitation to withdraw the appropriate funds from plaintiff's

6    trust account to pay the $350.00 filing fee herein.

7    IT IS HEREBY RECOMMENDED that:

8    1.  Plaintiff's claims against defendants Selky, Hooper, Castro and Jennings be

9    dismissed with prejudice as barred by the statute of limitations;

10    2.  Plaintiff's claim against defendant Cate related to allegations first raised in

11    2:98-cv-2111 LKK EFB be dismissed with prejudice as barred by the statute of limitations; and

12    3.  Any current claims or claims unrelated to 2:98-cv-2111 LKK EFB against

13    defendant Cate be dismissed without prejudice.

14    These findings and recommendations are submitted to the United States District

15    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

16    one days after being served with these findings and recommendations, plaintiff may file written

17    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

19    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

20    F.2d 1153 (9th Cir. 1991).

21    DATED:  July 15, 2011

22

23    _____
     KENDALL J. NEWMAN
24    UNITED STATES MAGISTRATE JUDGE

25    lope0806.56

26