IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:11-cv-00806 MCE KJN P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

On September 29, 2011, this action was dismissed. (ECF No. 17.) On October 31, 2011, plaintiff filed a notice of appeal, which was processed to the Court of Appeals for the Ninth Circuit on November 1, 2011. On November 2, 2011, plaintiff filed a notice claiming that the filing of his appeal had been obstructed and seeking an extension of time in which to file his notice of appeal. However, on November 15, 2011, the Ninth Circuit filed an order stating that plaintiff's "appeal is so insubstantial as to not warrant further review, it shall not be permitted to proceed." (ECF No. 24 at 1.) Because plaintiff's appeal was properly processed, the November 2, 2011 request for extension of time is denied.

///

///

Prior to the resolution of the appeal, on October 18, 2011, plaintiff filed a request that the case be reopened and counsel be appointed. Plaintiff also provided a copy of objections to the July 18, 2011 findings and recommendations, with an appended proof of service attesting to plaintiff handing the original objections to prison officials for mailing on August 11, 2011. Plaintiff argues that the objections were timely-filed under the mailbox rule. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners").

The court construes plaintiff's motion as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

///

///

///

///

Because it appears plaintiff was unable to timely file his objections to the findings and recommendations, the court reviews his objections[1] in connection with the instant motion.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly, the court declines to reopen this action.

In light of this order, plaintiff's motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 2, 2011 request for extension of time (ECF No. 23) is denied;

2. Plaintiff's October 18, 2011 motion to reopen the case (ECF No. 20) is denied; and

3. Plaintiff's October 18, 2011 motion for appointment of counsel (ECF No. 20) is denied.

Dated: December 12, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff points out that, contrary to the findings and recommendations (ECF No. 11 at 4, 11, 15), service of process was executed on defendant Hooper. (Case No. 2:98-cv-2111 LKK EFB P, ECF No. 51.) Plaintiff confirms that service of process on defendant Selky was returned unexecuted, but plaintiff's motion for service on defendant Selky was denied until a second amended complaint was filed. (Id., ECF Nos. 58, 64.) Despite this fact, plaintiff notes that the court mistakenly addressed defendant Selky's failure to respond to discovery. (Id., ECF Nos. 189, 201, 207-08.)

The answer filed on September 11, 2003, does not set forth the names of the defendants who answered the complaint. (Id., ECF No. 154.) However, whether or not defendants Hooper or Selky were served or appeared in Case No. 2:98-cv-2111 LKK EFB P, does not alter the dismissal of plaintiff's 1997 and 1998 claims against them on June 24, 2005 for failure to exhaust administrative remedies. (Id., ECF No. 227 at 8 n.3, 14.) Thus, it was proper for the magistrate judge to find that plaintiff's efforts to revive these stale claims years later deprive defendants Hooper and Selky of timely notice. As found by the magistrate judge, defendants' right to be free from such stale claims prevails over plaintiff's right to prosecute these claims.