IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:11-cv-0806 MCE KJN P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

On December 30, 2011, plaintiff filed a motion styled, "Plaintiff's Notice of Factual and Legal Error in December 12, 2011 Order and Request for Relief from Judgment (F.R.C.P. Rule 60(b))." (ECF No. 26.) Plaintiff cites to alleged errors in the December 12, 2011 order, re-arguing his claims contained in his October 18, 2011 objections and motion to reopen the case, and claims that the district court was required to re-open the case and re-address the findings and recommendations in light of plaintiff's objections, "particularly because [plaintiff is] under a Ninth Circuit pre-filing review order." (Id. at 2.)

///
///
///

1

Plaintiff appears to argue that the district court was required to vacate the judgment and the order adopting findings and recommendations entered on September 29, 2011, in order to make it clear to the Ninth Circuit Court of Appeals that the district court had considered plaintiff's objections to the July 18, 2011 findings and recommendations.

> Rule 60(b) provides:
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Other than his reference to being subject to a pre-filing review order in the Ninth Circuit, plaintiff cites no authority for his theory that the court was required to vacate the order, reopen the case, and then re-enter judgment after reviewing the objections. Moreover, review of the December 12, 2011 order demonstrates that this court recited the history concerning the filing of plaintiff's objections; this court reviewed plaintiff's objections, performed a *de novo* review of this case, and declined to reopen this action. (ECF No. 25 at 2.) The Ninth Circuit has access to the district court record, and no further clarification concerning the procedural posture of this case was required.

///

Finally, on January 12, 2012, plaintiff filed a notice of appeal from the December 12, 2011 order, which was processed to the Ninth Circuit. On February 21, 2012, the Ninth Circuit declined to proceed with the appeal, finding the appeal "so insubstantial as to not warrant further review." (ECF. No. 29 at 1.)

Plaintiff fails to demonstrate that the judgment should be vacated pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, IT IS HEREBY ORDERED that plaintiff's December 30, 2011, motion (ECF No. 26) is DENIED. This civil rights action is now closed. Plaintiff is advised that any further documents filed by plaintiff will be disregarded and no orders will issue in response to future filings.

IT IS SO ORDERED.

Dated: February 29, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE